Justin Behravesh
Attorney at Law
State Bar No. 308117
PO Box 5624
Irvine, CA 92616
Telephone: 858-354-8549
justin@justinbehravesh.com

Attorney for Petitioner, QUAID AKEEM CORNELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| QUAID AKEEM CORNELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARREN L. MONTGOMERY,<br>Warden,<br><br>　　　　　Respondent. | Case No.: _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. 2254)** |

1

1. <u>Name and location of court that entered the judgment of conviction under attack</u>:

   Superior Court of San Bernardino County,
   San Bernardino, California

2. <u>Date of judgment of conviction</u>:

   March 1, 2019

3. <u>Trial court case number of the judgment of conviction being challenged</u>:

   No. 16CR-067787

4. <u>Length of sentence</u>:

   114 years to life

5. <u>Sentence start date and projected release date</u>:

   March 21, 2019, August 2040

6. <u>Offenses for which petitioner was convicted or pleaded guilty to</u>:

   A jury convicted petitioner of one count of murder and two counts of attempted murder. In addition, the jury found true allegations that the attempted murders were deliberate and premeditated. The jury also found true that each offense was committed for the benefit of, at the direction of, or in association with a criminal street gang and that in the commission of each offense petitioner personally used a firearm and personally discharged a firearm. The jury also found with respect to each count that a principal personally used a firearm, a principal intentionally discharged a firearm, and a principal personally discharged a firearm causing great bodily injury and death to each of the three victims.

7. <u>What was your plea</u>?

    (a) Not guilty     X
    (b) Guilty     _
    (c) Nolo contendere _

8. <u>If petitioner pleaded not guilty, what kind of trial was had?</u>

    (a) Jury     X
    (b) Judge only     _

9. <u>Did petitioner testify at trial</u>?

  X Yes     __ No

# DIRECT APPEAL

10. <u>Did petitioner appeal from the judgment of conviction in the **California Court of Appeal**?</u>

  X Yes     __ No

11. <u>If petitioner appealed in the **California Court of Appeal** answer the following</u>:

(a) <u>Result</u>:

The California Court of Appeal issued an opinion reversing the gang enhancements and firearm enhancements on each count and remanding the case with directions that the trial court (1) give the prosecution the opportunity to retry the enhancements under the law as amended by Assembly Bill No. 333 and (2) resentence defendants if the prosecution elected not to retry defendants, or at the conclusion of retrial. In all other respects, the judgment was affirmed.

(b) <u>Date of result, case number and citation, if known</u>:

February 25, 2022; Case No. E072302

(c) <u>Grounds raised on direct appeal</u>:

    1. The evidence seized as a result of the unlawful detention of appellant and "frisk" of appellant's car was admitted in violation of the Fourth and Fourteenth Amendments.

    2. The evidence was insufficient to support the charges under subdivision (b) of section 186.22 and subdivision (d) of section 12022.53 because it was insufficient to prove that East-side IE had the "primary activities" of a "criminal street gang."

    3. Because A.B. 333 has redefined the element of "a pattern of criminal gang activity" and the element of the "primary activities" of a "criminal street gang" in ways that benefit defendants, the gang allegations should be retried. (Raised in a supplemental brief.)

12.     If petitioner sought direct review of the decision on appeal by the **California Supreme Court** (e.g. Petition for Review), please answer the following:

(a) <u>Result</u>:

Denied

(b) <u>Date of result, case number and citation, if known</u>:

May 11, 2022; Case No. S273885

(c) <u>Grounds raised</u>:

    1. Review should be granted to address whether testimony that a group has as its primary activities acts specified in subdivision (e) of Penal Code section 186.22 can properly be treated as either an expert opinion or as background information.

    2. Appellant asks this court to grant review to address whether the opinion of the gang expert was, on its face, sufficient to support a finding that East-side IE consistently and repeatedly committed acts specified in subdivision (e) of section 186.22.

3. Review should be granted to address whether, to preserve a Fourth Amendment issue for appellate review, a defendant must argue further after a court has ruled on grounds not anticipated by either the defense or the prosecution.

4. Review should be granted to reaffirm respect for the Fourth Amendment.

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

Not applicable.

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Superior Court?**

Yes   X No

15. If the answer to #[14] was "Yes," give the following information:

Name of Court: Not applicable.

16. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal?**

X Yes   __ No

17. If your answer to #[16] was "Yes," give the following information:

(a) Result:

Denied

(b) <u>Date of result, case number and citation, if known</u>:

February 25, 2022; Case No. E078051

(c) <u>Grounds raised</u>:

1. Petitioner was denied his constitutional right to effective assistance of counsel by (1) his attorney's failure to seek exclusion of the gunshot residue and the statements of Mr. Sloan, (2) his attorney's mistaken concession that a high-capacity magazine was subject to seizure under the "plain view" doctrine, and (3) his attorney's failure to contest the detention.

18. <u>Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court?**</u>

X  Yes   __ No

19. <u>If your answer to #[18] was "Yes," give the following information</u>:

(a) <u>Result</u>:

Denied

(b) <u>Date of result, case number and citation, if known</u>:

May 11, 2022; Case No. S273886

(c) <u>Grounds raised</u>:

1. Review should be granted to reaffirm respect for the Fourth Amendment/Was petitioner denied his Fourth Amendment rights and his Sixth Amendment right to effective assistance of counsel (1) by his attorney's failure to challenge the detention of petitioner, either in his motion to suppress or after the court ruled, (2) by his attorney's failure to seek suppression of all of the evidence that was the fruit of petitioner's detention, including the gunshot residue and the statements of a key witness, and (3) by

his attorney's erroneous concession that the high-capacity magazine was subject to seizure under the "plain view" exception to the warrant requirement?

20. <u>If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court** containing the grounds raised in this federal Petition, explain briefly why you did not</u>:

Not applicable.

## **COLLATERAL REVIEW IN THE FEDERAL COURT**

21. <u>Is this your **first** federal petition for writ of habeas corpus challenging this conviction</u>?

X Yes _ No

## **GROUNDS FOR RELIEF**

22. **Claim one**: Trial counsel was constitutionally ineffective in his litigation of the motion to suppress by (1) failing to seek exclusion of the gunshot residue and the statements of Mr. Sloan, (2) mistakenly conceding that a high-capacity magazine was subject to seizure under the "plain view" doctrine, and (3) failing to contest the detention, and the California Court of Appeal's rejection of this claim was contrary to the clearly established United States Supreme Court precedent of *Strickland v. Washington* and *Kimmelman v. Morrison*.

<u>Supporting Facts</u>: In advance of trial, petitioner's counsel filed a motion to suppress on Fourth Amendment grounds evidence taken from petitioner's car in a search on August 27, 2016, including a magazine and a 45 caliber 1911 style handgun. Nevertheless, counsel failed to seek exclusion of the gunshot residue and statements of DaShawn Sloan, mistakenly conceded that a high-capacity magazine was subject to seizure under the "plain view" doctrine, and failed to contest the detention. The trial court denied the motion to suppress.

23. <u>Did you raise [these] ground[s] in the **California Supreme Court?**</u>

    X Yes. _ No

24. <u>Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?</u>

    _ Yes. X No

25. <u>If you answer to #23 is "Yes," give the following information:</u>

    Not applicable.

26. <u>Give the name and address, if known, of each attorney who represented in the following stages of the judgment attached herein:</u>

    (a) <u>At the preliminary hearing</u>:

    James Gass
    Attorney at Law
    1200 Nevada St Ste 101 #B
    Redlands, CA 92374

    (b) <u>At arraignment and plea</u>:

    James Gass
    Attorney at Law
    1200 Nevada St Ste 101 #B
    Redlands, CA 92374

    (c) <u>At trial</u>:

    James Gass
    Attorney at Law
    1200 Nevada St Ste 101 #B
    Redlands, CA 92374

(d) At sentencing:

    James Gass
    Attorney at Law
    1200 Nevada St Ste 101 #B
    Redlands, CA 92374

(e) On appeal:

    Ron Boyer
    Attorney at Law
    950 Tyinn St., #22332
    Eugene, OR 97402

(f) In any post-conviction proceeding:

    Ron Boyer
    Attorney at Law
    950 Tyinn St., #22332
    Eugene, OR 97402

(g) On appeal from any adverse ruling in a post-conviction proceeding:

    Ron Boyer
    Attorney at Law
    950 Tyinn St., #22332
    Eugene, OR 97402

27. Were you sentenced on more than one count of an indictment, or more than one indictment in the same court and at the same time?

    _ Yes. X No

28. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    _ Yes. X No

29. <u>Date you are mailing (or handing to a correctional officer) this Petition to this court:</u>

Petition filed by counsel.

WHEREFORE, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Dated: December 28, 2022

_____
Justin Behravesh
Attorney for Petitioner,
QUAID AKEEM CORNELL